# EXHIBIT A

CT Corporation

# Service of Process Transmittal
08/09/2016
CT Log Number 529650657

**TO:** Tonya Masters
Kenan Advantage Group, Inc.
4366 Mount Pleasant St NW
North Canton, OH 44720-5446

**RE:** **Process Served in California**

**FOR:** Cryogenic Transportation, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOHN HERNANDEZ, individually, on a representative basis, and on behalf of others similarly situated, Pltf. vs. CRYOGENIC TRANSPORTATION, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Certificate(s), Attachment(s) |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - San Bernardino, CA<br>Case # CIVDS1612524 |
| **NATURE OF ACTION:** | Employee Litigation - Claims for unpaid wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/09/2016 at 13:10 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Brian J. Mankin<br>FERNANDEZ & LAUBY LLP<br>4590 Allstate Drive<br>Riverside, CA 92501<br>951-320-1444 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/10/2016, Expected Purge Date: 08/15/2016<br><br>Image SOP<br><br>Email Notification, Jacqueline Musacchia jacqueline.musacchia@thekag.com<br><br>Email Notification, Brian Wymer bwymer@thekag.com<br><br>Email Notification, Tonya Masters tonya.masters@thekag.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

8/9/16

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 02 2016

BY Victoria Sanchez
VICTORIA SANCHEZ, DEPUTY

**NOTICE TO DEFENDANT:** CRYOGENIC TRANSPORTATION, LLC, a
***(AVISO AL DEMANDADO):*** Delaware Limited Liability Corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** JOHN HERNANDEZ,
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** individually, on a representative basis, and on behalf of others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
County of San Bernardino
247 West Third Street
San Bernardino, CA 92415-0210

CASE NUMBER:
*(Número del Caso):* CIVDS1612524

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian J. Mankin, Esq. [CSB No. 2162281] 951-320-1444 951-320-1445
FERNANDEZ & LAUBY LLP
4590 Allstate Drive
Riverside, CA 92501

DATE: *(Fecha)* AUG 02 2016 Clerk, by *(Secretario)* Victoria Sanchez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

copy

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Cryogenic Transportation, LLC, a Delaware Limited Liability Corporation

   under:
   - ☐ CCP 416.10 (corporation)
   - ☐ CCP 416.20 (defunct corporation)
   - ☒ CCP 416.40 (association or partnership)
   - ☐ CCP 416.60 (minor)
   - ☐ CCP 416.70 (conservatee)
   - ☐ CCP 416.90 (authorized person)
   - ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT

AUG 02 2016

BY Victoria Sanchez
VICTORIA SANCHEZ, DEPUTY

Brian J. Mankin, Esq. [CSB No. 216228]
Peter J. Carlson, Esq. [CSB No. 295611]
FERNANDEZ & LAUBY LLP
4590 Allstate Drive
Riverside, CA 92501
Tel: (951) 320-1444
Fax: (951) 320-1445
bjm@fernandezlauby.com
pjc@fernandezlauby.com

Attorneys for Plaintiff, individually, on a representative basis, and on behalf of the Proposed Class

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

JOHN HERNANDEZ, individually, on a representative basis, and on behalf of others similarly situated;

Plaintiff,

vs.

CRYOGENIC TRANSPORTATION, LLC, a Delaware Limited Liability Corporation; and DOES 1 through 10, inclusive;

Defendants.

Case No.: CIVDS1612524

**COMPLAINT**

**CLASS ACTION CLAIMS**

(1) Failure to Pay Wages for All Hours Worked;
(2) Failure to Provide Meal Periods and Paid Rest Breaks;
(3) Failure to Timely Pay Wages;
(4) Failure to Provide Accurate Itemized Wage Statements; and
(5) Unfair and Unlawful Competition

Plaintiff JOHN HERNANDEZ (hereinafter the "Plaintiff"), on behalf of himself, on a representative basis, and on behalf of others similarly situated, complains and alleges as follows.

## I. INTRODUCTION AND GENERAL ALLEGATIONS

1. Plaintiff brings this action against his former employer, CRYOGENIC TRANSPORTATION, LLC, and DOES 1 through 10, (collectively the "Defendants") on behalf of himself, and all other similarly situated current and former truck drivers who were employed by Defendants in the State of California, and whose job duties include, among other things, driving commercial motor vehicles and performing non-driving services related thereto

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

(hereinafter, the "Class" or "Represented Employees"), for California Labor Code violations stemming from Defendants' failure to pay wages for all hours worked, failure to provide mandated meal periods and rest breaks, failure to timely pay wages, and failure to provide accurate itemized wage statements.

2. Plaintiff also brings this action against Defendants on behalf of himself, and all Represented Employees who were compensated on a per-mile basis (hereinafter, the "Per-Mile Subclass"), for California Labor Code violations stemming from Defendant's failure to pay wages for all hours worked, failure to provide paid mandated meal periods and rest breaks, failure to timely pay wages, and failure to provide accurate itemized wage statements.

3. At all relevant times, Plaintiff and the Represented Employees are/were responsible for providing freight hauling and logistics services for Defendants within the State of California, as well as throughout various other states.

4. Plaintiff was hired by Defendants as a truck driver on or around May 18, 2015. During his employment with Defendants, Plaintiff was compensated in two separate ways. From approximately May 2015 to September 2015, Plaintiff receive piece-rate compensation for each mile driven ("per-mile"). From approximately September 2015 through his termination in or around June 2016, Plaintiff was paid on an hourly basis.

5. Plaintiff alleges on information and belief that the Represented Employees and the Per-Mile Subclass were subjected to the same policies, working conditions, and corresponding wage and hour violations to which Plaintiff was subjected during his employment.

6. At all relevant times during Plaintiff's employment with Defendants, he did not receive separate hourly compensation at no less than the minimum wage for unpaid, on-duty, time including tasks such as pre-trip and post-trip inspections, detention time, loading and unloading time, completing paperwork, refueling or repair, and downtime between runs.

7. Also at all relevant times during Plaintiff's employment with Defendants, Plaintiff was not provided mandated meal periods and rest breaks, nor did he receive did not receive an additional hour of wages at his regular rate of pay for each day that a mandated meal period and/or paid rest break was not provided by Defendants.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

8. Furthermore, Plaintiff was denied paid rest breaks by virtue of Defendants' policy that only paid the Per-Mile Subclass for miles driven. As Plaintiff and the Per-Mile Subclass could not generate miles driven during a rest break, Plaintiff and the Per-Mile Subclass were illegally denied paid rest breaks. Furthermore, Plaintiff and the Per-Mile Subclass did not receive an additional hour of wages at their regular rate of pay for each day that a paid rest break was not provided by Defendants.

9. Plaintiff further alleges that Defendants engaged in the practice of failing to pay all wages due and owing to Plaintiff and the Represented Employees each period and at the time their employment ended with Defendants, including, but not limited to regular wages, overtime wages, minimum wages, wage premiums, among others.

10. Plaintiff also alleges that he and the Represented Employees did not receive accurate itemized wage statements that fully complied with the requirements of Labor Code § 226(a).

11. Plaintiff alleges that Defendants' violations of the wage and hour components of the Labor Code and IWC Wage Orders enabled it to decrease expenses and to increase its level of productivity and profits, thereby allowing Defendants to gain an unfair advantage over its competitors.

12. At all material times, Defendant and DOES 1 through 10 were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 and under California law, including *Thurmon v. Bayshore Transit Management, Inc.* (2012) 203 Cal. App. 4th 1112.

13. Plaintiff brings this lawsuit seeking declaratory, injunctive, equitable, and monetary relief against Defendants and each of them, on behalf of themselves and the Represented Employees to recover, among other things, unpaid wages and benefits, interest,

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

attorneys' fees, penalties, costs and expenses pursuant to California Labor Code §§ 203, 204, 208, 210, 218.6, 226, 226.2, 226.3, 226.7, 256, 512, 558, 1174, 1174.5, 1194, and 1194.2, among possibly other sections inadvertently omitted. Plaintiffs also reserve the right to name additional representatives throughout the State of California.

14. Pursuant to Labor Code § 2699.3(a), on July 19, 2016, Plaintiff gave written notice by online filing to the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendant CRYOGENIC TRANSPORTATION, LLC, on July 1, 2016, of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. The waiting period imposed by Labor Code § 2699.3(a)(2)(A) has not yet elapsed. Plaintiff hereby reserves the right to amend this complaint within 60 days after: 1) receipt of notice from the LWDA that it does not intend to investigate the alleged violation, or 2) if no notice is provided by the LWDA. Pursuant to Labor Code § 2699.3(a)(2)(C), "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

## II. JURISDICTION

15. This Court has jurisdiction over the claims for relief of Plaintiff and the Represented Employees pursuant to Labor Code §§ 201-203, 204, 210, 218.6, 223, 226, 226.2, 226.3, 226.7, 226.8, 512, 558, 1174, 1174.5, 1194, 1194.2, and the IWC Wage Orders, among other sections.

## III. VENUE

16. Venue as to each Defendant is proper in this Court, pursuant to Code of Civil Procedure § 395(a). Defendants transact business in San Bernardino County and the unlawful acts alleged herein have a direct effect on Plaintiff and the Represented Employees in San Bernardino County. Furthermore, Defendants employed or employ Plaintiff and Represented Employees in San Bernardino County.

///

///



Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

## IV. PARTIES

### Plaintiffs

17. Class Representative JOHN HERNANDEZ was employed by Defendants from approximately May 2015 through June 2016 and performed work for Defendants in San Bernardino County, California.

### Defendants

18. Plaintiff is informed and believes and thereon alleges that Defendant CRYOGENIC TRANSPORTATION, LLC, is a Delaware Limited Liability Corporation authorized to and doing business in San Bernardino County, California, and is and/or was the legal employer of Plaintiff and the Represented Employees during the applicable statutory periods.

19. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief alleges that those Defendants are legally responsible for the payment of penalties and damages to Plaintiffs and all Represented Employees by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

20. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff and other similarly situated employees.

## V. CLASS ACTION ALLEGATIONS

21. Plaintiff realleges and incorporates by this reference paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Plaintiff brings this action on behalf of himself and all others similarly situated as

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

a class action pursuant to Code of Civil Procedure § 382. The Class, also referred to as the "Represented Employees," that Plaintiff seek to represent is defined as follows:

> All current and former employees of Defendants who were employed as truck drivers for Defendants and who resided in California at any time within the statutory period, whose job duties include, among other things, driving commercial motor vehicles and performing non-driving services related there.

23. Plaintiff further defines the "Per-Mile Subclass" that he seeks to represent as follows:

> All Represented Employees who are/were paid on a cents-per-mile basis by Defendant for at least part of their compensation.

24. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

25. Plaintiff HERNANDEZ, as a Class Representative, is a member of the class and the subclass that he seeks to represent.

26. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable from Defendants' personnel and payroll records.

27. **<u>Numerosity:</u>** The potential members of the Class as defined are so numerous that a joinder of all Represented Employees is impracticable. Although the exact number is currently unknown to Plaintiffs, this information is easily ascertainable from Defendants' payroll and personnel records.

28. **<u>Commonality:</u>** There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including without limitation:

i. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to pay the wages to Plaintiff, the Represented

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Employees, and the Per-Mile Subclass for all hours worked, including non-driving tasks;

ii. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to provide paid rest breaks to Plaintiff and Represented Employees and whether Defendants failed to compensate Plaintiff and Represented Employees with one additional hour of wages for each instance when a paid rest break was not provided;

iii. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to provide daily mandated meal periods to Plaintiff and Represented Employees and/or failing to compensate Plaintiff and Represented Employees with one additional hour of wages in lieu of each meal period denied;

iv. Whether Defendants violated the California Labor Code by failing to pay all wages due upon separation of employment between Defendants and Plaintiff and Represented Employees, whether such separation was voluntary or involuntary;

v. Whether Defendants violated the California Labor Code by failing to provide Plaintiff and Represented Employees with complete, accurate, itemized wage statements;

vi. Whether Defendants violated California Business & Professions Code §§ 17200 *et seq.* by: failing to pay minimum wages for all hours worked by Plaintiff and Represented Employees; failing to provide mandated meal periods and paid rest breaks to Plaintiff and Represented Employees and not compensating such employees with one hour of additional wages in lieu of each meal or paid rest period that was not provided; failing to timely pay all final wages due upon separation; and failing to provide Plaintiff and Represented Employees with complete, accurate itemized wage statements;

vii. Whether Defendants violated § 17200 *et seq.* of the California Business and

Professions Code and, without limitation, California Labor Code §§ 201, 202, 203, 212, 218.6, 221, 223, 224, 226, 226.6, 226.7, 450, 512, 558, 1174, 1174.5, 1175, 1194, 1194.2, 1197, 1198.5, 2800, 2802, among possibly other sections inadvertently omitted, and the applicable IWC Wage Order, which violations constitute false, fraudulent, unlawful, unfair and deceptive business practices; and

viii. Whether Plaintiff and Represented Employees are entitled to equitable relief pursuant to California Business & Professions Code §§ 17200 *et seq.*

29. **Typicality:** Plaintiff's claims, as the Class Representatives, are typical of the claims of The Class. Plaintiff, like other members of The Class, was subjected to Defendants' ongoing Labor Code and Wage Order violations including pertaining to payment of minimum wages for all hours worked, meal and rest periods, final payment of all wages due and owing at the time of termination, and Plaintiff further seeks the same types of damages, penalties, and other relief on the same theories and legal grounds as the members of the Class that he seeks to represent.

30. **Adequacy of Representation.** Plaintiff, as the Class Representative, will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests are not in conflict with those of the Class. Class Representative's counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

31. **Superiority of Class Action.** Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Represented Employees is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Represented Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

///

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY WAGES FOR ALL HOURS WORKED**

(Labor Code §§ 221, 223, 1194, 1194.2, 1197; IWC Wage Order § 4)

32. Plaintiff realleges and incorporates by this reference paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. Plaintiff and Represented Employees were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the statutory period for each hour worked.

34. At all relevant times herein, Defendants failed to provide Plaintiff and the Represented Employees separate hourly compensation at no less than the minimum wage for unpaid, on-duty, time including tasks such as pre-trip and post-trip inspections, detention time, loading and unloading time, completing paperwork, refueling or repair, and downtime between runs.

35. Consequently, Defendants violated California Labor Code laws and minimum wage laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, IWC Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

36. Furthermore, Plaintiff and the Per-Mile Subclass were denied paid rest breaks by virtue of Defendants' policy that only paid the Per-Mile Subclass for miles driven. As Plaintiff and the Per-Mile Subclass could not generate miles driven during a rest break, Plaintiff and the Per-Mile Subclass were illegally denied paid rest breaks. Thus, Defendants violated California Labor Code laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, IWC Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

37. Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, and improperly failed to pay wages to him, the Represented Employees, and the Per-Mile Subclass for each hour worked in violation of Labor Code §§ 221- 223, 1194 and 1197.

38. Defendants' conduct was willful, as Defendants knew that Plaintiff, the

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

Represented Employees, and the Per-Mile Subclass were entitled to be wages throughout the statutory period for each hour worked, yet Defendants chose not to pay them in accordance thereto.

39. As a result of Defendants' wrongful conduct, Plaintiff, the Represented Employees, and the Per-Mile Subclass have been damaged in amounts to be proven at trial.

40. Plaintiff, on behalf of himself, the Represented Employees, and the Per-Mile Subclass, seeks recovery of all unpaid wages, including unpaid wages, liquidated damages, interest, attorneys' fees and costs of suit, pursuant to Labor Code §§ 1194 and 1194.2, against Defendants in an amount to be proven at trial.

**<u>SECOND CAUSE OF ACTION</u>**

**FAILURE TO PROVIDE MEAL PERIODS AND PAID REST BREAKS**

(Labor Code § 226.7 and 512; IWC Wage Order § 11, 12)

41. Plaintiff realleges and incorporates by this reference paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. Plaintiff and Represented Employees are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory meal or rest periods.

43. Labor Code § 226.7 requires employers, including Defendants, to provide non-exempt employees with meal periods as mandated by the Industrial Welfare Commission.

44. Labor Code § 512(a), in part, provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee the opportunity to take an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee. Employers may not employ an employee for a work period more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

45. Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order § 11(B), Defendants shall pay an employee one additional hour of pay at the employee's regular rate of

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

compensation for each meal period that is missed.

46. Additionally, Labor Code § 226.7 requires employers, including Defendants, to provide to its non-exempt employees rest periods as mandated by Order of the Industrial Welfare Commission.

47. The IWC Wage Order § 12 states, in part, that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Employees shall receive a 10-minute rest period every four hours or major fraction thereof that they are required to work. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

48. Pursuant to Labor Code § 226.7(b) and Section 12(B) of the applicable Wage Order, Defendants shall pay Plaintiff one additional hour of pay at her regular rate of compensation for each day that the rest period is not provided.

49. At all relevant times herein, Plaintiff and the Represented Employees were not provided with all mandatory meal and rest periods. Furthermore, Plaintiff and the Represented Employees were often required to work for Defendants in excess of ten (10) hours per day, but were not provided the mandated second meal period when working shifts in excess of ten (10) hours.

50. Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period with respect to Plaintiff and each and every one of the Represented Employees because Plaintiff and the Represented Employees were not provided with all mandatory meal and/or rest periods and Defendants failed to pay Plaintiff and the Represented Employees one additional hour of compensation in lieu thereof.

51. Furthermore, Plaintiff and the Per-Mile Subclass were denied paid rest breaks by virtue of Defendants' policy that only paid the Per-Mile Subclass for miles driven. As Plaintiff and the Per-Mile Subclass could not generate miles driven during a rest break, Plaintiff and the Per-Mile Subclass were illegally denied paid rest breaks. Furthermore, Plaintiff and the Per-Mile Subclass did not receive an additional hour of wages at their regular rate of pay for each day that a paid rest break was not provided by Defendants.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

52. At all relevant times herein, Defendants failed to pay the Represented Employees, including Plaintiff, all mandated paid rest breaks or wage premiums in lieu of mandated meal or rest periods, thereby receiving an economic benefit.

53. On information and belief, Plaintiff and Represented Employees did not voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers obtained from Plaintiff and/or Represented Employees were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not permit or authorize Plaintiff and Represented Employees to take meal periods in accordance with California law.

54. By their failure to provide Plaintiff and Represented Employees with meal periods and paid rest breaks as required by California law, and failing to pay one hour of additional wages in lieu of each meal period and/or paid rest break not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage Order § 11 and 12. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a meal period and/or paid rest break was not lawfully provided in an amount to be proven at time of trial.

55. Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and 512, and IWC Wage Order § 11 and 12, Defendants, and each of them, are liable to the Represented Employees, including Plaintiff, for penalties, reasonable attorneys' fees, costs, and interest under Labor Code §§ 218.5, 218.6, and 1194 and/or as permitted by law.

## THIRD CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES

(Labor Code § 201 – 204)

56. Plaintiff realleges and incorporates by this reference paragraphs 1 through 55, inclusive, as though fully set forth herein.

57. Plaintiff and Represented Employees are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing the timing and payment of wages.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

58. Labor Code § 201 requires that the employer immediately pay any wages, without abatement or reduction, to any employee who is discharged.

59. Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

60. Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

61. Labor Code § 204(a) states that all wages earned by a person are due and payable twice during each calendar month, and further states that wages earned during the first through fifteenth days of the month must be paid no later than the twenty-sixth day of the month, and that wages earned between the sixteenth and last day of the month must be paid by the tenth day of the following month. Labor Code § 204(d) states "[t]he requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

62. At all relevant times here, Defendants did not provide Plaintiffs and the Represented Employees with all wages due and owing, including, but not limited to, regular wages, overtime wages, minimum wages, and wage premiums, among others, within the time specified by Labor Code §§ 201 – 204.

63. Plaintiff alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay to Plaintiffs and certain affected Represented Employees all wages due and owing upon separation of employment as required by Labor Code §§ 201 and 202. Consequently, pursuant to Labor Code § 203, Defendants owe Plaintiff and certain affected Represented Employees the above-described waiting time penalty, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

64. As a direct result of the violations alleged herein, Plaintiff and Represented Employees have suffered and continue to suffer, substantial losses related to such earned but unpaid wages, incurred expenses, unlawful deductions, and the use and enjoyment of earned

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under the law, all in an amount to be proved at time of trial.

65. Pursuant to Labor Code §§ 204 and 210, Plaintiff and Represented Employees will seek to recover the amounts due and unpaid wages, interest on the amounts deducted, penalties, and the costs and attorney's fees necessarily incurred in pursuing same. The exact amount of reimbursements, interest, costs and attorney's fees will be in an amount to be proved at time of trial.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Labor Code § 226)

66. Plaintiff realleges and incorporates by this reference paragraphs 1 through 65, inclusive, as though fully set forth herein.

67. Plaintiff and Represented Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

68. Labor Code § 226(a) requires that employers furnish its employees with written itemized wage statements, semimonthly or at the time of each payment of wages, that show the gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number as required by law, the legal name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

69. Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the Represented Employees because Defendants failed to provide a wage statement to Plaintiff and the Represented Employees that complied with the requirements of Labor Code § 226(a) by failing to accurately state gross wages earned, failure to accurately state total hours

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

worked, failure to accurately state the number of piece-rate units earned and the applicable piece-rate, failure to accurately state all deductions, failure to accurately state net wages warned, and failure to state all applicable hourly rates in effect during the pay period and the corresponding number of hours at each hourly rate by the employee.

70. Furthermore, Labor Code § 226.2(a) states "[f]or employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period: [...] (2) the itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable: (A) the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period [and] (B) [...] the total hours of other nonproductive time, [...] the rate of compensation, and the gross wages paid for that time during the pay period."

71. Defendant violates Labor Code § 226 and § 226.2 every pay period with respect to Plaintiff and the Per-Mile Subclass because Defendant failed to provide a wage statement to Plaintiff and the Per-Mile Subclass that complied with the requirements of Labor Code § 226.2(a)(2).

72. Defendants' failure to provide the required writing deprived the Represented Employees, including Plaintiff, of the ability to know, understand, and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants. Therefore, the Represented Employees, including Plaintiff, had no way to dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment to said Defendants. As a direct result, the Represented Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damages in amounts according to proof at trial.

73. As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), the Represented Employees, including Plaintiff, have suffered an injury in that each was prevented from knowing, understanding and disputing the wage payments paid to

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

them. Furthermore, the Represented Employees have each suffered an injury in that the failure to show all wages earned on the itemized wage statements resulted in each Represented Employee being denied all necessary deductions, payments, and withholdings owed by the employer, including, but not limited to, the failure to make all necessary contributions for unemployment benefits, social security benefits, proper payment of taxes and withholdings, and other mandated state and federal benefits.

74. Plaintiff has also been injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

75. Labor Code § 226(e) requires said Defendants to pay the greater of all actual damages or fifty dollars ($50.00) per employee for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each Represented Employee, including Plaintiff, who was injured by Defendants' failure to comply with Labor Code § 226(a). The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

## FIFTH CAUSE OF ACTION

### UNFAIR AND UNLAWFUL COMPETITION

(Business and Professions Code § 17200 *et seq.*)

76. Plaintiff realleges and incorporates by this reference paragraphs 1 through 75, inclusive, as though fully set forth herein.

77. California Business & Professions Code § 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice." The Represented Employees, including Plaintiff, have suffered and continue to suffer injuries in fact, due to the unfair and unlawful business practices of Defendants as alleged herein.

78. Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

79. As alleged herein, Defendants engaged in conduct that violated California's wage and hour laws, including failing to pay wages for all hours worked, failing to provide mandatory

meal periods and rest breaks paid rest breaks and the corresponding failure to pay wage premiums for each work day that the mandated meal break and/or paid rest break was not provided, failure to timely pay wages, and failure to provide accurate itemized wage statements, all in order to decrease their costs and increase their profits.

80. At all times relevant herein, Defendants did not pay Plaintiff and the Represented Employees wages and monies and other financial obligations attached thereto to which they were entitled.

81. As a result of Defendants' failure to comply with the Labor Code and IWC Orders, Represented Employees, including Plaintiffs, suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. Defendants' ongoing violations of the foregoing statutes and laws constitute a violation of Bus. & Prof. Code § 17200, *et seq*.

82. Defendants' violations of the California Labor Code and IWC Wage Orders and its scheme to lower its payroll costs as alleged herein, constitute unlawful and unfair business practices because it was done in a systematic manner over a period of time to the detriment of the Plaintiffs and all others similarly-situated.

83. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Represented Employees, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

84. A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy, and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code §§ 17200, et seq.

85. Plaintiff, individually, and on behalf of the Represented Employees, has no plain, speedy, and/or adequate remedy at law to redress the injuries which she has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of

the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of the Represented Employees, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

86. Plaintiff, individually, and on behalf of the Represented Employees, is entitled to, and does seek such relief as may be necessary to disgorge the profits which Defendants have acquired, or of which Plaintiff and Represented Employees have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Represented Employees are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

87. Plaintiff, individually, and on behalf of the Represented Employees, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

88. Pursuant to Business & Professions Code §§ 17200, et seq., Plaintiff and Represented Employees are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Represented Employees; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of himself, on a representative basis, and all others similarly situated prays for judgment and relief against Defendants, jointly and severally, as follows:

1. That the First through Fifth Causes of Action be certified as a class action;
2. That Plaintiff Hernandez be appointed as Class Representative;
3. That counsel for Plaintiff be appointed Class Counsel;

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

4. For all applicable statutory penalties recoverable under the First through Fifth Causes of Action to the extent permitted by law, including those pursuant to Labor Code and Orders of the Industrial Welfare Commission;

5. For reasonable attorneys' fees, costs of suit, and interest under the First through Fifth Causes of Action to the extent permitted by law, including those pursuant to the Labor Code;

6. For injunctive relief and/or restitution as provided by the Labor Code and Business and Professions Code § 17200, *et seq.*;

7. For a declaratory judgment that Defendants have violated Labor Code §§ 200, 201, 202, 203, 212, 218.6, 221, 223, 224, 226, 226.2, 226.6, 226.7, 450, 512, 558, 1174, 1194, 1194.2, 1197, and 1198.5, among other sections inadvertently omitted;

8. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties according to proof, including interest thereon;

9. For pre- and post-judgment interest; and

10. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial as to the First through Fifth Causes of Action pled in the Complaint herein.

Dated: July 28, 2016

FERNANDEZ & LAUBY LLP

BY: [signature]

Brian J. Mankin, Esq.
Peter J. Carlson, Esq.
Attorneys for Plaintiff on behalf of the State of California and Aggrieved Employees

Fernandez & Lauby LLP
www.California-EmploymentLawyers.com

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Brian J. Mankin, Esq. [CSB No. 2162281]
Peter J. Carlson, Esq. [CSB NO. 295611]
FERNANDEZ & LAURY LLP
4590 Allstate Drive
Riverside, CA 92501
TELEPHONE NO.: 951-320-1444 FAX NO.: 951-320-1445
ATTORNEY FOR (Name): JOHN HERNANDEZ

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT

AUG 02 2016

BY [signature] VICTORIA SANCHEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: Central

CASE NAME: JOHN HERNANDEZ v. CRYOGENIC TRANSPORTATION, LLC

# CIVIL CASE COVER SHEET

[x] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: CIVDS1612524
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*:
   a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 29, 2016
Peter J. Carlson, Esq.
(TYPE OR PRINT NAME) ▶ [signature] (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
SB-010

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

JOHN HERNANDEZ, individually, on a representative basis, et al.

Case No. CIVDS1612524

vs.

**CERTIFICATE OF ASSIGNMENT**

CRYOGENIC TRANSPORTATION, LLC, a Delaware Limited Liability, et al.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General [ ] Collection

| | | **Nature of Action** | **Ground** |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other ______ | |
| [X] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Cryogenic Transportation, LLC — 10787 Mulberry Avenue
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) — ADDRESS

Fontana — CA — 92337
(CITY) — (STATE) — (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

July 29, 2016 at Riverside, California

Signature of Attorney/Party
Peter J. Carlson, Esq.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210

CASE NO: CIVDS1612524

FERNANDEZ & LAUBY LLP
4590 ALLSTATE DRIVE
RIVERSIDE CA 92501

NOTICE OF TRIAL SETTING CONFERENCE
and NOTICE OF CASE ASSIGNMENT

IN RE: HERNANDEZ-V-CRYOGENIC TRANSPORTATION

THIS CASE HAS BEEN ASSIGNED TO: Thomas S. Garza IN DEPARTMENT S27 FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference at the court located at 247 WEST THIRD STREET SAN BERNARDINO, CA 92415-0210.

HEARING DATE: 02/09/17 at 8:30 in Dept. S27

DATE: 08/02/16 Nancy Eberhardt, Interim Court Executive Officer
By: VICTORIA SANCHEZ

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party addressed above, for collection and mailing this date, following standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the counter
(✓) A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing: 08/02/16
I declare under penalty of perjury that the foregoing is true and correct. Executed on 08/02/16 at San Bernardino, CA

BY: VICTORIA SANCHEZ

# You Don't Have to Sue

## Here Are Some Other Ways



## To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.
- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.
- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.
- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210**, or
- Contact the **local bar association**, or
- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

Superior Court of California
County of San Bernardino

## CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, unlawful detainer, small claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil, family law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
3175-E Sedona Court (Building E)
Ontario CA 91764
TEL (909) 581-6014
FAX (909) 581-6015
WEB www.ivjc.org
EMAIL info@ivjc.org

## Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

**Jurors**: Please contact the Jury Services Office at (909) 387-6244.

**Others:** Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

**Court employees**: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's Intranet

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet
Non Fillable Form and Rule of Court 1

Request for Accommodation Form
Fillable Version (MC-410)

**Q&A on Rule of Court 1.100**

Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm